**SO ORDERED.**

**SIGNED this 5th day of December, 2013.**





Robert E. Nugent
United States Chief Bankruptcy Judge

PUBLISHED

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JANONE SHANEE WADE, | ) | Case No. 12-11339 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM OPINION

When a chapter 13 debtor's confirmation hearing ends with the confirmation of a plan that rejects a personal property lease, two things happen: the leased property is no longer property of the estate[1] and both the automatic and codebtor stays terminate as to the leased property.[2] As with any rejection of a lease, the

---

[1] 11 U.S.C. § 365(p)(1).
[2] 11 U.S.C. § 365(p)(3).

1

rejection operates as a prepetition breach.[3] When the stays are terminated as to the leased property, the lessor is free to recover it. The lessor may even receive a "comfort order" from the Court to that effect.[4] But the lessor may not pursue the debtor personally, at least not without securing relief from the automatic stay that prevents actions to collect prepetition debts against the debtor and property of the estate.[5]

Janone Shanee Wade's chapter 13 plan provided for the rejection of her prepetition furniture and television lease from Easygates, LLC, dba easyhome ("Easy"). When that plan was confirmed, Easy could recover its property from her without obtaining a court order lifting the automatic stay. Before Easy recovered all of the property, the TV was stolen. Easy then sued Wade in state court for replevin, claiming the right to recover the TV, but also proceeding against her *in personam* to recover the value of the missing TV along with Easy's attorney fees and costs of the action. Easy was within its rights to seek recovery of the TV, but it breached the stay when it sued Wade personally. Easy is entitled to a "comfort order" under § 362(j) that the stay is terminated with respect to the TV and the other leased items, but those parts of its replevin action that assert personal liability against Wade violate the stay, are void, and should be immediately withdrawn.

*Facts*

Janone Shanee Wade filed this case on May 24, 2012. With her petition, she filed a chapter 13 plan that provided, in part, that she would reject the furniture and

---

[3] 11 U.S.C. § 365(g).
[4] § 362(j).
[5] §§ 362(a)(1) and (a)(3).

2

television lease with Easy (the "Lease"). Her plan, amended in a way that did not affect the proposed Lease rejection, was confirmed at a hearing on August 8, 2012 and the confirmation order was entered on August 10, 2012.[6] On September 7, Easy filed a state court limited action for replevin.[7] In that action, Easy pled that Wade had wrongfully retained the property despite Easy's demands for the return of same and demanded an order granting it possession of the leased property. Easy also prayed for alternative relief in the form of an *in personam* money judgment against Wade for the value of the property not returned to it and for its reasonable attorney's fees and costs, including the cost of its replevin bond. Not until January of 2013, did Easy file its present motion here to obtain a comfort order concerning the stay's termination.[8]

On July 9, 2012, before the plan was confirmed, Wade's house was burglarized and the TV was stolen.[9] Wade testified that her home had been burglarized before and that she had lost another TV in January of 2011. She had no insurance coverage on the TV, though she does own her house. She testified that while her home mortgage lender had force-placed insurance on the dwelling, that insurance did not cover its contents. Nor had Wade purchased any coverage for the leased property from Easy. There is no insurance coverage available to make Easy whole.

---

[6] Dkt. 20 and 21.
[7] Debtor's Ex. 2.
[8] Dkt. 30. While citing § 365(p)(3) that the stay was automatically terminated with respect to the leased property due to debtor's rejection of the lease, Easy's motion for a comfort order prayed for an order "confirming that its claim against Debtor for the missing property is a post-petition claim which may be pursued against Debtor . . . ."
[9] Debtor's Ex. 5.

3

After the plan was confirmed in August, Easy attempted to recover the property from Wade. This began on August 25, 2012 with Easy's counsel sending her a 30-day demand letter to "tak[e] care of the balance due" and "for court costs and attorney's fees up to $750."[10] These were to be paid by check or credit card to Easy's counsel, who is also its counsel of record in this matter. The letter also indicated that if the property was not recovered, Easy would look to Wade personally for its value. Then, on September 7, 2012 (considerably less than 30 days after the letter's date), Easy filed its state court petition for replevin, asserting that the total value of the leased property was $6,831.24 and demanding judgment for possession or judgment *in personam* for the value.[11] Wade's attorney filed an answer admitting that Easy was entitled to the return of the property, stating that the TV had been stolen, and denying that Easy was entitled to a money judgment against Wade.[12] The action in state court was then stayed pending Easy's obtaining a bankruptcy court order allowing it to proceed.

Easy filed its motion for a comfort order here on January 17, 2013.[13] Wade filed her motion for sanctions against Easy and its attorney, Ms. Milby, for willful violation of the automatic stay on January 25.[14] After receiving memoranda of law from both sides and from the Chapter 13 Trustee, I conducted a trial of these matters on September 24, 2013.[15]

---

[10] Debtor's Ex. 1.
[11] Debtor's Ex. 2.
[12] Debtor's Ex. 3.
[13] Dkt. 30.
[14] Dkt. 33. Wade sought her costs and damages, including her attorney's fees.
[15] Easygates,L.L.C. appeared by its attorney Dana Milby and the debtor Ms. Wade appeared by her attorney David Lund. The chapter 13 trustee Laurie B. Willilams appeared by her attorney

4

*Analysis*

Dealing with unexpired leases in chapter 13 is not straightforward. While § 365 generally applies, it is not clear whether the debtor or the trustee may assume or reject a lease, nor is there a set time limit for assuming or rejecting a personal property lease. Section 365(d)(2) provides that the trustee may assume or reject a personal property lease in a chapter 13 case at any time before the confirmation of the plan, but also that any party to the lease may request the court to set a time certain by which to assume or reject the lease. Section 1322(b)(7) permits a plan to provide for the assumption or rejection of a lease and only a debtor may propose a chapter 13 plan.[16] Section 1303 confers on the debtor the rights, powers, and duties of a trustee under § 363, including the right to use, sell, or lease estate property inside or outside of the ordinary course of business, but § 365 is not mentioned in that section. Taken together, all of this suggests that the debtor has the power to assume or reject a lease under § 365. It is clear under § 365(p)(3) that if a debtor proposes a plan that includes a rejection provision, when that plan is confirmed, the leased property leaves the estate and the stay is terminated with respect to the property. Making this case somewhat more challenging is the added facet of the missing television: when did Easy's claim for its value arise and what is the nature of that claim in bankruptcy?

   I.   *True Leases, KAN. STAT. ANN. § 84-1-203*

---

Karin N. Amyx. The parties stipulated to the admission of each other's exhibits and certain stipulations of fact made on the record. Among these stipulations, Easy acknowledged that it received timely notice of Wade's bankruptcy, that it reviewed Wade's chapter 13 plan, and that it made a "conscious decision" to wait until confirmation of the plan for the stay to be lifted.
   [16] § 1321.

5

Before considering the impact of § 365, we should consider whether these documents are true leases. KAN. STAT. ANN. § 84-1-203(b) (2012 Supp.) states that for a lease to be deemed a security interest, it must not be "subject to termination" by the lessee. Paragraph 7 of the lease forms titled "Lease-Purchase Agreement (Kansas)" states: "You [the lessee] may terminate this Agreement at any time . . ."[17] The leases in question are true leases because they may be cancelled at any time by the lessee surrendering or returning the property without penalty.[18]

## II. Leases Rejected at Close of Confirmation Hearing: "Comfort Orders"

Ms. Wade clearly provided for the leases' rejection in her plan.[19] Section 365(p)(3) states that if a personal property lease is not assumed in the confirmed chapter 13 plan, it is deemed rejected at the conclusion of the hearing. So, Easy's leases were rejected as of August 8, 2012. That subsection also states that the automatic stay and codebtor stay are both terminated *as to leased property* at that time. Nothing prevented Easy from immediately acting to recover its leased property after August 8, 2012.

The leased property left the estate on August 8, too. Section 365(p)(1) provides that if the lease of personal property is not timely assumed by the trustee, the leased property is no longer property of the estate and the § 362(a) automatic stay is terminated. Section 362(j) provides that the lessor may request and the court shall

---

[17] Creditor's Ex. 1 and 2.
[18] Because the lease is terminable by the lessee, the Court need not reach the remainder of the test in § 84-1-203(b)(1)-(4).
[19] Dkt. 3, Plan § 13.

6

issue an order "under subsection (c)" of § 362 confirming that the stay has terminated – the so-called "comfort order." Section 362(c)(1) provides that the stay continues as to property "until such property is no longer property of the estate." Easy is entitled to a comfort order stating that the stay has terminated as to the leased property.

### III. *In Personam* Pursuit of Debtor Stayed

Easy's attempts to secure a personal judgment against Wade for the value of the TV and for its attorney's fees and costs violate the stay because they are clearly efforts to collect what are prepetition debts as a matter of law from Ms. Wade's other assets, which are, and will be property of the estate until she completes her plan or her case is dismissed.

Absent Wade's bankruptcy, Easy would be entitled to enforce the provisions of its lease that provide for her to return the leased goods upon her default and the lease's termination.[20] KAN. STAT. ANN. § 84-2a-525(2) and (3) (1996) allows recovery by self-help or with judicial assistance of the leased property.[21] Likewise, both the terms of the leases and Article 2a permit recovery of past due or defaulted rents.[22] But because Wade is operating under a confirmed chapter 13 plan, the rules have changed and Easy's remedies are quite limited.

Wade's rejection of the leases is a breach that is deemed by § 365(g) to have occurred "immediately before the date of the filing of the petition."[23] That means that any back rent or any other contractual damages sought by Easy are prepetition

---

[20] *See* Creditor's Ex. 1 and 2, ¶7.
[21] *See also,* § 84-2a-501(3) (2012 Supp.).
[22] § 84-2a-523(1)(e) and (f) (1996) and § 84-2a-528(1) (2012 Supp.); Creditor's Ex. 1 and 2, ¶ 11.
[23] § 365(g)(1).

7

claims in the case. Easy asserts claims that include the attorney's fees and costs associated with recovering the leased property as well as for the value of the leased property it has not recovered. Each of these claims arises from the lease contracts themselves or Article 2a – they are part of the damages enumerated as remedies for the deemed prepetition breach. Section 362(a)(1) explicitly stays any action to recover a claim against the debtor that arose before the commencement of the case and § 362(a)(6) protects the debtor from any act to collect or recover such claims. Section 362(a)(3) protects the property of the estate from any collection efforts on account of pre- or post-petition claims.

If, as Easy hinted at trial, Wade could be accused of concealing or converting the television, she would still be protected from Easy's *in personam* proceedings until Easy sought and secured relief from the stay for cause. Wade's plan provides that the property of the estate will not revest in her until she receives a discharge or the case is dismissed.[24] As noted above, § 362(a)(3) stays any attempt by a creditor to take possession of estate property without regard to when the claim underlying the attempt arose. My colleague Judge Berger considered this issue in a case where a mortgage creditor sought to pursue debtors *in personam* for defaulted house payments after confirmation. In *In re Maslak*, he held that the mortgagor's efforts to recover a money judgment against the debtors after they surrendered their home through a chapter 13 plan violated the stay and were void.[25] And in *In re Clark*, the bankruptcy court held that because the estate's assets had not revested in the chapter

---

[24] Dkt. 3, ¶ 16(b).
[25] *In re Maslak,* 2012 WL 5199168 (Bankr. D. Kan., Oct. 19, 2012).

13 debtors under their confirmed plan, as here, an IRS levy on the debtor's post-petition wages on account of a post-petition tax debt remained stayed.[26]

Easy provided no case law, reported or otherwise, suggesting the contrary. It relied on a text order entered by another bankruptcy judge in the Western District of Missouri but that case is distinguishable. In *In re Smith*, a chapter 7 case, Easy secured an order deeming a furniture lease rejected.[27] When the debtor failed to turn over the personal property, Easy sued and obtained a judgment against the debtor for post-petition damages in Jackson County Circuit Court. Then Easy garnished the chapter 7 debtor's wages to recover the judgment. In denying the debtor's motion to quash the state court garnishment writ, the bankruptcy judge stated–

> It appears that the garnishment was issued pursuant to a post-petition judgment entered in Jackson County Circuit Court after the Debtor failed to turn over the personal property that served as collateral for her debt to Easygates LLC d/b/a easyhome. Therefore the debt is for post-petition damages that were not discharged in this bankruptcy, and the garnishment is property and may continue . . . .[28]

That order is not persuasive precedent here. Easy took a post-petition judgment against a chapter 7 debtor and sought to enforce that judgment against the debtor's post-petition wages which, unlike a chapter 13 case, were not property of the estate. Assuming the post-petition judgment did not violate the stay as the bankruptcy judge apparently concluded, Easy's collection of that judgment against

---

[26] *In re Clark,* 207 B.R. 559, 562-64 (Bankr. S.D. Ohio 1997) (citing § 1327(b)'s effect of confirmation and § 1306's inclusion of post-petition earnings as property of the estate).

[27] In that case, Easy filed a motion to deem the personal property lease rejected and order the debtor to immediately surrender the leased property. By text order noted in the ECF system, the motion was granted on April 19, 2011, without elaboration. No hearing was held on the motion. The order discharging debtor was entered March 28, 2012.

[28] *In re Victoria Rochelle Smith,* Case No. 11-40544 (Bankr. W.D. Mo.), Dkt. 60 entered October 1, 2012.

9

non-estate property does not run afoul of § 362(a)(3). That is very different from Easy's attempt to collect from Ms. Wade a deemed pre-petition claim from property that definitely remains in the bankruptcy estate. *Smith* simply doesn't help.

While nothing prevented Easy from seeking stay relief to pursue Wade if it believed it had a tort claim against her that arose post-petition, Easy certainly may not assert that relief (any mention of which was omitted from its petition in state court) without demonstrating cause to the bankruptcy court. The *in personam* action against Wade violated the stay and is void. Likewise, the actions of Easy's attorney both in writing the 30-day demand letter on August 25, 2012 and in commencing the state court action violated the stay. Because the debtor is an individual who has been damaged by a willful stay violation, she may recover damages for the breach under § 362(k), including attorney's fees, expenses, and, in appropriate circumstances, punitive damages.

### *Conclusion*

Easy is entitled to an order under § 362(j) stating that the automatic stay is terminated with respect to all of the property described on the Lease, but the balance of the motion for comfort order is DENIED.

Wade's motion for sanctions is GRANTED. Easy's demand letter and subsequent "replevin" action that sought a money judgment against Wade violated the automatic stay and is void. Any and all pleadings in the state court case seeking *in personam* relief are void and of no legal effect. They should be withdrawn and the state court case dismissed immediately after Easy causes a copy of this Order to be

10

filed in the state court case. If this is not done within 14 days of the entry of this order, Easy will be sanctioned $100 per day until the order is filed and the case dismissed.

In addition, Easy's and its counsel's knowing and willful stay violations are answerable with an award to Ms. Wade for damages, including her attorney's fees and costs caused thereby. Ms. Wade's counsel shall file and serve on Easy and its counsel a statement of Ms. Wade's attorney's fees and costs and Easy and its counsel shall have 21 days thereafter to object to same. Counsel for Ms. Wade may include his time incurred in preparing the statement of fees and expenses as well as any time incurred in recovering them. If Easy or its counsel object to Wade's statement, the Court will set the matter directly to an evidentiary hearing at the next available evidentiary stacking docket.

###